(42 Misc. Rep. 473.)

### In re HALLOCK'S ESTATE.

(Surrogate's Court, Orange County. January, 1904.)

1. TRANSFER TAX—PROPERTY SUBJECT.

Testator devised and bequeathed to his sister real estate worth $6,500 and personal property of a value greater than $10,000. *Held*, that under Transfer Tax Act (Laws 1896, p. 868, c. 908) § 220, providing for a tax on the transfer of any property of the value of $500 or over by will or under the intestate laws, and section 221, fixing the rate at 1 per cent., the real estate was taxable.

2. SAME—EXEMPTIONS.

In determining whether a sister is within the exemption of Tax Law (Laws 1903, p. 165, c. 41) § 221, as to real estate and personalty given her by the will of her brother, both the real and personal property must be added together in determining the value of the property.

Proceeding in the matter of the assessment of the transfer tax on the estate of Nathan M. Hallock. Decree entered fixing the tax.

Finn & Finn, for executors.

Henry W. Wiggins, for State Comptroller.

HOWELL, S. Nathan M. Hallock died March 21, 1903. He gave by his will to his sister, Ella H. Worcester, personal property of the value of more than $10,000. He also devised to her real estate of the value of $6,500. The question presented for consideration is whether the real estate so given to the sister is liable to the transfer tax. The question arises under the amendment of 1903 to section 221 of the transfer tax act (Laws 1903, p. 165, c. 41), which section now reads as follows:

"When real or personal property, or any beneficial interest therein, of a value of less than ten thousand dollars passes by such transfer to the use of

any father, mother, child, brother or sister, * * * such transfer shall not be taxable under this act. If real or personal property, or any beneficial interest therein, so transferred, is of the value of ten thousand dollars or more, it shall be taxable at the rate of one per centum."

It is contended by the State Comptroller that under this section the value of the real estate and of the personal property shall be added, and, if such value exceeds $10,000, the amount is taxable at the rate of 1 per cent. On the part of the estate of Mr. Hallock, it is claimed that, if personal property passes to the persons named in the value of $10,000 or more, then it is subject to the tax; that, if real property of the value of $10,000 or more passes to those named, then it is subject to the tax; but that the values of the real and personal property are not to be added together, and that each must be excluded from the other in determining the amount. Section 220 of the transfer tax act (Laws 1896, p. 868, c. 908) imposes the tax in this case. It reads as follows:

"A tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of five hundred dollars or over, * * * when the transfer is by will or by the intestate laws of this state," etc.

This is the section which imposes the tax. Section 221 provides for certain exemptions, and fixes the rate. It has been generally held that both real and personal property are taken into account under section 220 in ascertaining the value of the property; that is, the values of the two kinds of property are added. I think the words "real or personal" in section 221 are to be construed in the same way. It is the intention of the law to impose the tax on the property, "real or personal"; that is to say, "of whatever kind," or "without regard to its character." We are therefore to find the value of the property, whether it be real or personal, so that, if it be part real and part personal, we must add the value of the real to the value of the personal to ascertain whether or not the same exceed $10,000, when going to a sister, and, if it does so exceed $10,000 in value, it is taxable at the rate of 1 per cent. It follows, therefore, in this case, that the $6,500 in value of the real estate transferred by the will of the testator to his sister is taxable at the rate of 1 per cent. An order having heretofore been made fixing the tax upon the personal property, and reserving the question as to whether or not the real property is taxable, an order will now be entered fixing the tax at the rate of 1 per cent. upon the value of the real estate.

Decreed accordingly.